```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ELLEN SUCHERMAN, WIFE OF/AND              CIVIL ACTION
LEE SUCHERMAN, ET AL.

VERSUS                                    NO.  06-8765 c/w
                                                  05-6456

METROPOLITAN PROPERTY AND                 SECTION: "R"(5)
CASUALTY INSURANCE COMPANY


## ORDER AND REASONS

Before the Court is the unopposed motion of defendant Metropolitan Property and Casualty Insurance Company under Federal Rule of Civil Procedure 21 to sever the claims made against it by four plaintiffs as to their respective property damage.  For the following reasons, the Court GRANTS defendant's motion to sever.

### I.   BACKGROUND

Plaintiffs in this action - Ellen and Lee Sucherman, Perry J. Watson, Sr., Paulette and Percy Watson, and Mamie Robinson - are Louisiana property owners who allege that they suffered damage to their respective homes as a consequence of Hurricane Katrina.  Plaintiffs, who each held homeowner's policies with

Metropolitan Property and Casualty Insurance Company, have sued their insurance provider for breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220. They also seek recovery under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695. Plaintiffs initially filed this suit in Civil District Court for the Parish of Orleans. Metropolitan removed it to this Court and then filed the instant motion.

## II. DISCUSSION

Under Rule 21, a district court has "broad discretion" to sever improperly joined parties. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). To determine whether parties were properly joined under Rule 20(a), a district court must consider (1) whether the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences," and (2) whether there is a question of law or fact common to all of the plaintiffs that will arise in the action. Fed. R. Civ. P. 20(a). Both requirements must be met for the parties to be properly joined. *See Porter v. Milliken & Michaels, Inc.*, 2000 WL 1059849, * 1 (E.D. La. Aug. 1, 2000); *see also* Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1653 (2001). Furthermore, courts may

consider whether settlement or judicial economy would be promoted, whether prejudice would be averted by severance, and whether different witnesses and documentary proof are required for separate claims.  *Rohr v. Metropolitan Ins. & Casualty Co.*, 2007 WL 163037, *2 (E.D. La. Jan. 17, 2007).

Here, the Court finds that plaintiffs' claims against Metropolitan do not arise out of the same transaction or occurrence.  Plaintiffs have not explained, in either their petition or in a filing responsive to Metropolitan's instant motion, why their individual claims against Metropolitan should be joined.  The Court therefore proceeds under the assumption that these claims are related only by virtue of the fact that they were all brought about by Hurricane Katrina and brought against Metropolitan.

In *Accardo v. Lafayette Insurance Company*, this Court found that the mere fact that Hurricane Katrina's winds and rains affected two or more properties that are the subject of the same lawsuit does not make the insurance claims made on those properties proper for joinder under Rule 20(a).  *Accardo v. Lafayette Ins. Co.*, 2007 WL 325368, *6 n.8 (E.D. La. Jan. 30, 2007).  In that case, the plaintiffs, who were eighteen homeowners in St. Bernard Parish, sued their respective insurance providers for breach of their insurance policies and bad faith

3

claims-handling under La. Rev. Stat. §§ 22:658 and 22:1220. The Court severed those claims by property owners because there was not sufficient commonality among the claims to warrant joinder in the same case. *Id.* at *5. As the Court stated in *Accardo*, "Under the plaintiffs' theory, virtually all claims against an insurance company by any homeowner who sustained damage in Hurricanes Katrina and/or Rita could be joined together in a lawsuit, so long as the homeowners reside in a generally similar location." *Id.* Similarly, other recent decisions from the Eastern District of Louisiana and Southern District of Mississippi have found that simply because Hurricane Katrina caused the damage in question is not sufficient, without more, to satisfy the common transaction or occurrence requirement in Rule 20(a). *Rohr*, 2007 WL 163037, at *2; *Bradley v. Nationwide Mutual Ins. Co.*, 2006 WL 2594548, *2 (S.D. Miss. Sept. 6, 2006); *Comer v. Nationwide Mutual Ins. Co.*, 2006 WL 1066645, *1 (S.D. Miss. Feb. 23, 2006).

Applying this reasoning to the instant matter, plaintiffs cannot rely on the fact that one natural disaster, Hurricane Katrina, caused the damage to all of their properties as a basis for joining their claims against Metropolitan. The claims involve entirely different factual and legal issues, including each property's respective condition and location before the

4

storm, the value of the properties, and the extent of damage sustained. Therefore, aside from Hurricane Katrina as the cause, the claims against Metropolitan do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" under Rule 20(a). This requirement not having been met, the Court finds that plaintiffs' claims as to the separate properties were misjoined in this suit. The Court thus severs plaintiffs' claims by property.

**III. CONCLUSION**

For the foregoing reasons, Metropolitan's motion to sever is GRANTED.

New Orleans, Louisiana, this 21st day of May, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE